```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 1 5 2009 ★
BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | 09-CR-278 (JBW) |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| EDILBERTO RESTREPO RESTREPO, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 19, 2009, Edilberto Restrepo Restrepo pled guilty to a single-count indictment which charged that on April 21, 2009, the defendant used and possessed a fraudulently obtained non-immigrant visa, in violation of 18 U.S.C. § 1546(a).

Restrepo was sentenced on June 3, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be six and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between zero and six months. The offense carried a maximum term of imprisonment of 10 years. 18 U.S.C. § 1546(a). The guidelines range of fine was from $500 to $5,000.

Restrepo was sentenced to time served and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). While the defendant committed visa fraud, he may have initially believed that the individuals who furnished the falsified documents were able to provide him with authentic documentation. The defendant has no known prior convictions and at no point in time obstructed justice. A sentence of time served pursuant to the sentencing guidelines reflects the seriousness of the offense, will promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in visa fraud will result in serious consequences. Specific deterrence is achieved because the defendant will probably be deported and will not likely attempt to re-enter the United States, unless he obtains legal documentation. It is unlikely that he will engage in further criminal activity in light of his full acceptance of responsibility for his actions and his desire to return to Columbia to provide for his wife and children.

Jack B. Weinstein
Senior United States District Judge

Dated: June 8, 2009
Brooklyn, New York